The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Berger and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence in this matter. Having reconsidered the evidence of record, the Full Commission reverses the Deputy Commissioners denial of benefits and enters the following Opinion and Award.
***********
 RULING ON DEFENDANTS MOTION TO DISMISS
Defendants moved to dismiss plaintiffs appeal for non-compliance with Rule 701 of the Workers Compensation Rules of the N.C. Industrial Commission for failure to file a brief. Rule 701 provides, in pertinent part:
(2)After receipt of notice of appeal, the Industrial Commission will supply to the appellant a Form 44 Application for Review upon which appellant must state the grounds for the appeal. The grounds must be stated with particularity, including the specific errors allegedly committed by the Commissioner or Deputy Commissioner and, when applicable, the pages in the transcript on which the alleged errors are recorded. Failure to state with particularity the grounds for appeal shall result in abandonment of such grounds, as provided in paragraph (3). Appellants completed Form 44 and brief must be filed and served within 25 days of appellants receipt of the transcript or receipt of notice that there will be no transcript, unless the Industrial Commission, in its discretion, waives the use of the Form 44.
(3)Particular grounds for appeal not set forth in the application for review shall be deemed abandoned, and argument thereon shall not be heard before the Full Commission.
Plaintiff, who appeared without benefit of counsel, filed a Form 44 but did not file a brief. She appeared at oral argument and argued her case. Rule 801 of the Workers Compensation Rules of the N.C. Industrial Commission provides:
In the interest of justice, these rules may be waived by the Industrial Commission. The rights of any unrepresented plaintiff will be given special consideration in this regard, to the end that a plaintiff without an attorney shall not be prejudiced by mere failure to strictly comply with any one of these rules.
The Full Commission, in its discretion, waives the provisions of Rule 701 in connection with this pro se plaintiffs appeal.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. Medical records marked as stipulated exhibit 1 were received into evidence.
2. Attendance records marked as stipulated exhibit 2 were received into evidence.
3. A Form 22 marked as stipulated exhibit 3 was received into evidence.
4. A dermatology report marked as stipulated exhibit 4 was received into evidence.
5. Subsequent to the hearing before the Deputy Commissioner, the written questions submitted by the parties and the Full Commission as well as the written responses from Dr. Fredric Blum were marked as stipulated exhibit 5 and received into evidence.
***********
Based upon all of the competent evidence and the reasonable inferences flowing therefrom, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. Plaintiff went to work for defendant-employer as a nursing assistant in November, 1997. Prior to the plaintiffs employment with the defendant-employer, she had not had any problems with wearing gloves while working.
2. From the outset of her employment with the defendant-employer, plaintiff was required to wear gloves as a condition of her employment and was also required to wash her hands frequently.
3. Within the first week of her employment with the defendant-employer, plaintiff began to have problems with both of her hands. She developed a black discoloration on both of her hands consistent with the form of the gloves she had worn. The condition was diagnosed as a rash and was very uncomfortable and painful. The employer agreed that the rash appeared to be an allergic reaction.
4. Defendant-employer sent plaintiff to Dr. Grant Jenkins, who prescribed treating the rash with ointment twice a day. Dr. Jenkins referred plaintiff to Dr. Fredric Blum at Triangle Dermatology Associates in Durham. Following a patch test that Dr. Blum required her to undergo, plaintiff experienced itching after a portion of the glove had been attached to her pursuant to his instructions. The treatment for plaintiffs skin condition rendered by Dr. Jenkins and Dr. Blum while plaintiff was employer by defendant-employer was reasonably necessary to effect a cure, lessen the period of disability or provide relief.
5. Plaintiff was able to work with intermittent skin problems from March 30, 1998 until October 1998. During October 1998, plaintiff began having the same chronic problems with her hands that she had experienced when Dr. Blum had treated her during March of 1998. Dr. Blum rendered an opinion, and the Full Commission finds as a fact, that the combination of frequent hand washing and wearing protective gloves required in plaintiffs position as a nursing assistant caused her rash. These conditions would be the same at any similar medical institution. The Full Commission also finds that plaintiff was placed at an increased risk of developing this occupational disease, as opined by Dr. Blum, because of the much greater frequency of both hand washing and glove wearing in her job as against what is normal in the general public.
6. Plaintiffs problems with her hands cleared up soon after she quit her employment with the defendant-employer on December 23, 1998, and plaintiff has not experienced the skin rash on her hands since she left the employment of defendant-employer in December of 1998.
7. The combination of frequent hand washing and wearing protective gloves required in her position as a nursing assistant caused a non-disabling but painful rash that constituted an occupational disease within the meaning of N.C. Gen. Stat. 97-53(13). The required wearing of the gloves and the required frequent hand washing placed plaintiff at an increased risk of contracting this occupational disease than was faced by the public generally.
8. Plaintiff lost no time from work with defendant because of her occupational disease. Defendant had other jobs that did not have the glove and frequent hand washing requirement but plaintiff declined to accept them because she wanted to use her training as a nursing assistant. Plaintiff is only entitled to medical compensation as a result of her occupational disease.
9. At the time of the hearing before the Deputy Commissioner, plaintiffs last injurious exposure had been during her employment with defendant.
10. Plaintiff did not conduct a reasonable, but unsuccessful search for employment after she ended her employment with the defendant-employer in December 1998. Plaintiff was unwilling to look for employment in settings that were hot, had strong odors, a lot of dust or jobs that require standing.
11. Plaintiff contended that panic attacks following her skin rash were also an occupational disease for which the defendant-employer is responsible. However, plaintiff failed to provide medical evidence linking the panic attacks to her job.
***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff has proven by the greater weight of the evidence that the skin condition she sustained while working for defendant-employer was characteristic of and peculiar to her employment with the defendant-employer, excluding all ordinary diseases of life to which the general public is equally exposed outside said employment. Plaintiff has failed to prove that her panic attacks were an occupational disease. N.C. Gen. Stat. 97-53(13).
2. Defendant-employer is responsible for medical treatment for plaintiffs occupational disease during the time plaintiff worked for defendant-employer to the extent such treatment tends to provide a cure, provide relief or lessen the period of disability. N.C. Gen. Stat. 97-25.
3. Plaintiff has failed to show by the greater weight of the evidence that any inability to earn wages after she left her employment with the defendant-employer was a result of her occupational disease. N.C. Gen. Stat. 97-53(13).
***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. To the extent defendant-employer has not already paid, defendant-employer shall pay for medical treatment of plaintiffs skin condition by Dr. Grant Jenkins and Dr. Fredric Blum during the period plaintiff was employer by defendant-employer.
2. Plaintiffs claim for wage loss compensation for an alleged inability to earn wages for the time period beginning December 24, 1998 to the date of the hearing before the Deputy Commissioner is DENIED.
3. Plaintiff is entitled to no compensation for her panic attacks, either medical or wage loss, since she failed to provide any medical proof that the panic attacks were caused by her employment with defendant-employer.
4. Defendants shall pay the costs.
This 16th day of August 2000.
S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/________________ RENÉE C. RIGGSBEE COMMISSIONER